IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV197-MU-02

DENNIS R. VAN DYKE,            )
    Plaintiff,             )
                           )
    v.                     )            <u>ORDER</u>
                           )
WILLIAM WEBB, U.S. Magistrate )
  Judge for the Eastern Dis-   )
  trict of North Carolina;     )
UNITED STATES CLERK OF COURT   )
  for the Eastern District of )
  North Carolina; and          )
THE UNITED STATES DISTRICT     )
  COURT for the Eastern Dis-   )
  trict of North Carolina,     )
    Defendants.            )
_____)

**THIS MATTER** comes before the Court on initial review of the plaintiff's third form-Complaint under 42 U.S.C. §1983, filed June 21, 2006. For the reasons stated herein, this Complaint, like the two before it, will be <u>dismissed</u> without prejudice.

The plaintiff is an inmate who currently is confined at FMC Butner in Butner, North Carolina. By this third bizarre Complaint, the plaintiff complains that the Honorable William Webb, U.S. Magistrate Judge, and the Clerk of Court for the Eastern District of North Carolina have endangered his life by "neglecting [his] request to get [his] seizure medications and denying [his] wrights [sic] for a lawsuit . . . " against defendants who are located within the Middle District of North Carolina.

Nevertheless, as this Court has advised the plaintiff in connection with his other cases by which he sought to raise various nonsensical allegations (see 1:06CV195 and 1:06CV196), this Court does not have the authority to entertain the merits of claims concerning defendants who have no connection with this judicial district.

On the contrary, as the plaintiff previously was advised, venue in a civil action based upon a federal question, i.e., alleged violations of an inmate's civil rights, is proper in: 1) a judicial district where any defendant resides, if all defendants reside in the same State; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or 3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. §1391(b).

While it is far from clear that the plaintiff either has a valid cause of action or that he has named parties/entities who are amenable to suit, it is abundantly clear that such "defendants" are not subject to this Court's authority. That is, the plaintiff's Complaint reports all of the defendants' addresses/locations as being within the Eastern District of North Carolina.

Consequently, because the face of the instant Complaint does

2

not support a finding that the defendants reside or are situated within the Western District of North Carolina, and there is no indication that such defendants have any connection with this district, this Court cannot entertain the plaintiff's claims against them.

Furthermore, notwithstanding the long-standing policy by which federal Courts within this State have agreed to transfer improperly filed cases to the proper judicial district, the undersigned finds it appropriate to take a different course of action with this case.  To be sure, in light of the plaintiff's indisputably meritless legal theories, this Court concludes that it should dismiss his Complaint in an effort to prevent another Court from having to expend its scarce judicial resources on such baseless allegations.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Complaint is **DISMISSED without prejudice** to his right to bring an action against the correct defendants in the appropriate federal court.

**SO ORDERED.**

Signed: June 28, 2006

Graham C. Mullen
United States District Judge